# CHARLESTON.

STATE *v.* DEWEY MAYNOR

(No. 5418)

Submitted September 7, 1926.   Decided September 14, 1926.

CRIMINAL LAW—*Instructing That, in Determining Whether Defendant, Claiming Immunity, Had Fully and Freely Made Disclosures, to Consider Fact That He Had Not Previously Offered to do so Was Error (Acts 1921, c. 115, §37).*

Where the defendant on charge of having in his possession unlawfully a quantity of moonshine liquor, on being brought to trial by the State for the first time, tendered his plea offering to disclose fully and freely the name or names of any person or persons from whom he received such liquor and give other information that he may have relative to the manufacture or distribution of the same, and truthfully testify as to any such matters of information, thereby claiming immunity from further prosecution or punishment, under Section 37, of Chapter 115, Acts of the Legislature, 1921, it is error for the Court upon such trial to instruct the jury that in determining whether or not the defendant had fully and freely made such disclosures, as required by the statute, to take into consideration the fact that he had not previously offered to do so.

Error to Circuit Court, Fayette County.

Dewey Maynor was convicted of possessing moonshine liquor, and he brings error.

*Reversed and remanded.*

*Dillon & Mahan,* for plaintiff in error.

WOODS, JUDGE:

Defendant was convicted upon an indictment drawn under Section 37 of Chapter 115 of the Acts of the Legislature of

1921, of unlawfully having in his possession a quantity of "moonshine liquor", and he brings error, claiming immunity under the same section.

Defendant and a man named Tennant were arrested for drunkenness in the City of Mount Hope, on the morning of July 1, 1923, and placed in the city jail. Later the same day, they were released by the city authorities on a bond of $300.00 each, being informed that they need not return to answer the charge—that in case of forfeiture the bond would be taken in lieu of a fine. At the January 1924 term of the Circuit Court of Fayette County, defendant was indicted for unlawfully having in his possession on the ............ day of .............................., 1923, a quantity of "moonshine liquor". A capias was issued at the time, but Maynor was not found. He was called to trial on the 11th day of February, 1925, and after his motion to quash the indictment, which was overruled after the prosecuting attorney had designated July 1st as the date to be relied upon, he pleaded not guilty and filed his special plea of immunity.

The main question involved is: Did the defendant so "fully and freely disclose" the name of the person from whom he received the "moonshine liquor" as to entitle him to immunity, under Section 37 of Chapter 115 of the Acts of the Legislature, 1921? This statute, in effect at the time of the commission of the offense, has since been repealed by the Legislature.

In the case of *State* v: *Wills*, 91 W. Va. 659, this precise question was raised. The Court there held: "Under section 37, chapter 115, Acts 1921, which makes it unlawful for any person to have a quantity of 'moonshine' liquor in his possession, and provides that if such person shall freely and fully disclose the name or names of any person or persons from whom he received it and give any other information that he may have relative to the manufacture or distribution of the same, and shall truthfully testify as to any such matters of information, he shall be immune from further prosecution or punishment, the accused has the right of election whether he will disclose such information and testify concerning the same. If at the first opportunity to do so, he offers to make

such disclosure and to so testify, he cannot be further prosecuted or punished unless, after his disclosure has been made and his testimony has been taken, it should appear that he has not fully and freely disclosed nor truthfully testified concerning such information." And further: "If the State denies that the defendant has freely and fully made such disclosure or that he has truthfully testified concerning such matters of information, the issue joined thereon should be determined by the jury."

In the *Wills* case, the defendant was arraigned before a justice and waived trial and was bound over to answer indictment at the next term of the circuit court; he appeared in discharge of his recognizance at said term and his case was continued to the following term of circuit court. At the latter term, his case was called for trial and he appeared and demurred to said indictment, but his demurrer was overruled. Thereupon he tendered and asked leave to file his special plea, offering to disclose the name of the person from whom he received said moonshine liquor, etc. To the filing of which the state objected, and the Court sustained the objection. Defendant then went upon the witness stand and offered to testify fully and freely as to all facts in his knowledge concerning sale, etc., but was not permitted to do so over the objection of the state. Judge MEREDITH, after making it clear that the offer of immunity is unconditional and that the election to make disclosure is left entirely to the defendant, continues: "So we hold that the state had no election in this case; the defendant had, and he promptly exercised it when arraigned. That was his first opportunity to do so. We think also that he set it up in the proper way by tendering his offer or plea in writing. That should have been filed. The state could have replied to it generally. He was sworn as a witness on the trial, offered to testify to the facts, and made his avowal on the record. This, too, we think was proper. Whether the defendant discloses fully and freely, and truthfully testifies as to his information is for the jury to decide, not for the court."

In the instant case the Court instructed the jury at the request of the state to the effect that although the defendant might have had in his possession a quantity of moonshine

liquor as charged in the indictment, that unless they further believe from the evidence that the defendant fully and freely disclosed the name of the person from whom he obtained said liquor, they should convict the defendant, and that in ascertaining whether such disclosure was made fully and freely they might take into consideration defendant's testimony on the witness stand when he made such disclosure, the circumstances thereof, whether it was when he was first called upon so to do, or within a reasonable time thereafter, if they believe he was called upon to make such disclosure, and all other facts and circumstances in the case. At the instance of the defendant the jury were instructed that if they believe from the evidence that he fully and freely disclosed the name of the person from whom he received said moonshine liquor and has given other information that he has relative to the manufacture and distribution of the same, and that he has truthfully testified as to such matters of information, they should find him not guilty.

The jury after being out for some time, returned into court, announcing through their foreman that they felt that defendant had disclosed the name of the person from whom he received the liquor, but were unable to arrive at or fix a "reasonable time" in the absence of any evidence as to whether the defndant was brought into court or had that opportunity, and that if they could lay aside the instruction of the state, heretofore referred to, and follow the said instruction of the defendant, that they could arrive at a verdict. Sometime thereafter, the jury again reported that they were unable to agree because of the conflict between the instructions referred to. After being out all of one afternoon and the most of the next day a verdict of guilty was finally returned. It will be seen that the case was tried upon the theory that the defendant not having disclosed where he got the liquor until he was brought to trial, he was, therefore, not in good faith and not entitled to immunity as provided by the statute. The only evidence that he had theretofore been called upon to disclose was that of the police officer who made the arrest. This request was made by the officer soon after the arrest and while the defendant was incarcerated in jail. As we have seen, he

was not indicted until the January 1924 term, and was not brought to trial by the state until February, 1925. The statute as construed and applied in the *Wills* case fixes the trial ·as the proper place and time for the defendant to plead and claim this immunity. Under this construction, in view of the facts in this case, the question of whether such disclosure was made within a reasonable time does not arise. It was therefore error for the court to give the instruction complained of by the defendant in this particular case. In some cases ''reasonable time'' might be a material element for the jury to consider in arriving at a conclusion as to whether the defendant had ''fully and freely'' made disclosure.

For the reasons stated, we reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed and remanded.*